T.C. Summary Opinion 2008-24

UNITED STATES TAX COURT

SCOTT OWEN SCHUBERT AND AMY K. MOORE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22477-06S.          Filed March 5, 2008.

Scott Owen Schubert and Amy K. Moore, pro sese.

<u>Margaret A. Martin</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (IRC) in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the IRC in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $6,521 deficiency in petitioners' 2003 Federal income tax and a $1,304.20 accuracy-related penalty under section 6662(a).  The issues for decision are whether petitioners are:  (1) Entitled to deduct their unreimbursed employee business expenses; (2) entitled to deduct their expenditure for tax preparation materials (i.e., Turbo Tax and tax publications); and (3) liable for the accuracy-related penalty under section 6662(a).[1]

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, petitioners resided in California.

During the first 6 months of 2003, Mr. Schubert worked as a salesman selling telephone calling cards for "Winstar Communications, LLC", a.k.a. IDT Telecom.  Mr. Schubert's sales routes required traveling to various parts of northern and southern California.  For the last 4 months of 2003, Mr. Schubert worked for Cura Group, Inc., a.k.a. Vozzcom, which was a

---

[1]  Amy Moore did not appear at trial or sign the stipulation of facts.  The Court will dismiss Ms. Moore for failure properly to prosecute and will enter a decision against Ms. Moore consistent with the decision entered against Mr. Schubert.

subcontractor for Comcast.  As a subcontractor, Mr. Schubert traveled to customers' residences and disconnected the customers' cable for failure to pay their Comcast bills.  Mr. Schubert was unemployed for the remainder of 2003.

Ms. Moore worked as a real estate agent for Intero Real Estate Services and as an administrator for Superior Employment, Inc.  Ms. Moore showed properties to clients, transported transactional documents, and performed other errands in San Jose, Santa Clara, and Palo Alto, California.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2003.  Petitioners reported $55,955 as compensation for services ($13,687 for Mr. Schubert and $42,268 for Ms. Moore).  On petitioners' Schedule A, Itemized Deductions, they claimed a $75 deduction for their tax preparation materials and the following unreimbursed employee expenses:

| Category | Mr.Schubert | Ms. Moore |
|---|---|---|
| Vehicle expense | [1]$12,884 | [1]$12,312 |
| Parking, tolls, transportation | 625 | 550 |
| Travel expense away from home | 1,650 | 1,300 |
| Meals and entertainment | 550 | 650 |
| Business expense | 4,725 | 11,175 |
| Total | [2]20,434 | [2]25,987 |

[1]  Based on a 36-cent standard mileage rate.
[2]  Before application of the sec. 67(a) 2-percent floor.

Respondent disallowed petitioners' deductions for unreimbursed employee expenses and tax preparation materials.

Respondent allowed the standard deduction, which was larger than petitioners' itemized deductions as adjusted by respondent. Respondent's adjustments resulted in a deficiency, and he determined an accuracy-related penalty under section 6662(a).

At trial, Mr. Schubert submitted into evidence revised Forms 2106-EZ, Unreimbursed Employee Business Expenses, which were admitted into evidence as petitioners' new position. The revised forms reduced Mr. Schubert's claimed vehicle and business expenses to $10,233 and $2,283, respectively. The revised forms increased Ms. Moore's claimed vehicle expenses to $15,176 and reduced her business expenses to $9,225. In the revised forms, neither petitioner claimed deductions for travel, meals and entertainment, nor parking fees, tolls, and transportation.[2]

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be

---

[2] Petitioners abandoned these issues at trial and in effect conceded that the following claimed deductions were not proper: (1) Travel; (2) meals and entertainment; (3) parking fees, tolls, and transportation; and (4) $4,392 of the total $15,900 in business expenses. Accordingly, respondent's determination is sustained.

shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue."  Sec. 7491(a)(1).  The burden will shift only if the taxpayer has complied with the substantiation requirements and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2).

Petitioners have not alleged or proven that section 7491(a) applies; accordingly, petitioners must prove that they are entitled to the deductions.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992) (stating that deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to claim the deduction).

## II.  Unreimbursed Employee Business Expenses

It is well established that an individual may be in the trade or business of being an employee and that ordinary and necessary expenses incurred in his trade or business are deductible subject to the limitations of section 67.[3]  See secs. 67(a) and (b), 162(a); Primuth v. Commissioner, 54 T.C. 374 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952).

---

[3]  Sec. 67(a) imposes a limitation on the deductibility of an individual's miscellaneous itemized deductions:  such deductions are allowable only to the extent that the aggregate deductions exceed a floor of 2 percent of adjusted gross income (AGI).  The term "miscellaneous itemized deductions" is defined in sec. 67(b) as those itemized deductions that are not specifically enumerated therein.

It is also well established that the taxpayer must keep records sufficient to establish the amount of the items required to be shown on his Federal income tax return. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. But if the taxpayer establishes that he has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate the deductible amount in some circumstances (the Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

A. Claimed Business Expenses

Mr. Schubert testified that he reduced the total $15,900 claimed as businesses expenses to $11,508 because "I omitted a lot of these extra -- the fluff"; i.e., the job search. Mr. Schubert did not explain the nature of their business expenses,[4] and no receipts or other documents were submitted into evidence to substantiate the expenditures. Respondent's determination is sustained.

B. Vehicle Expenses

Pursuant to section 274(d), the Court cannot estimate a taxpayer's expenses with respect to certain items. See Sanford

---

[4] Mr. Schubert briefly referred to the remaining $11,508 in business expenses as a "home office expense". Whether the expenses are home office expenses under sec. 280A(c) is uncertain. Nevertheless, the expenditures would not be deductible under sec. 280A(c) since Mr. Schubert has not shown that a portion of their residence was exclusively used on a regular basis as their principal place of business and that the exclusive use was for their employers' convenience. See sec. 280A(c).

v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  In pertinent part, section 274(d) provides that no deduction is allowable for "listed property" unless the taxpayer complies with certain strict substantiation requirements.  The term "listed property" is defined to include passenger automobiles and other property used as a means of transportation.  See sec. 280F(d)(4)(A)(i) and (ii).

To substantiate the amount of an automobile expense, the taxpayer must prove the following:  (1) The amount of the expenditure (i.e., cost of acquisition); (2) the amount of each business use and the amount of its total use by establishing the amount of its business mileage and total mileage; (3) time (i.e., the date of the expenditure or use); and (4) the business purpose for the expenditure or use.  See sec. 1.274-5T(b)(6)(i) through (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  If the amount is not substantiated by adequate records or sufficient corroborative evidence, then it is disallowed.  See sec. 274(d).

As to the "Rules of substantiation", the temporary regulation provides that taxpayers must substantiate each element of an expenditure or use by adequate records or other sufficient evidence that corroborates his statements.  Sec. 1.274-5T(c), Temporary Income Tax Regs., supra.  Taxpayers must maintain and produce such substantiation as will constitute proof of each

expenditure or use.  Id.  Written evidence has considerably more probative value than oral evidence, and the probative value of written evidence is greater the closer in time it is to the expenditure or use.  Id.  Although a contemporaneous log is not required, a record made at or near the time of the expenditure or use that is supported by sufficient documentary evidence has a higher degree of credibility than a subsequently prepared statement.  Id.  The corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence.  Id.

Mr. Schubert submitted reconstructions of petitioners' mileage logs to prove their vehicle expenses.  Mr. Schubert testified that he incorporated the information from the scribbles in his planner into the spreadsheet.  As to Ms. Moore's vehicle expenses, Mr. Schubert testified that he extrapolated the information from calendars within an Outlook computer program belonging to Ms. Moore's employer that showed the date and the type of errand Ms. Moore performed.

Mr. Schubert did not provide the underlying materials to respondent or produce them at trial.  Mr. Schubert did not testify as to the amounts of their business mileage or to the

nature of their appointments.  The category designated as "purpose" merely states "Appts".  Mr. Schubert attempted to explain his cursory reconstruction by stating:  "it was tough enough doing the odometers * * * [and I] went back to doing the summary".  The Court finds that petitioners have not satisfied the strict substantiation requirements of section 274(d).  Accordingly, respondent's determination is sustained.[5]

III.  Deduction for Tax Preparation Materials

A taxpayer may be allowed a deduction for ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination, collection, or refund of any tax subject to the 2-percent floor of section 67(a).  See secs. 67(a) and (b), 212(3); see also supra note 3.

In order to have a deductible amount, petitioners' aggregate miscellaneous itemized deductions must exceed $1,436.72 ($71,836 (AGI) x 2 percent).  After the disallowance of the unreimbursed employee expenses, petitioners' sole miscellaneous itemized deduction is the $75 for tax preparation materials.  Petitioners' $75 miscellaneous itemized deduction does not exceed the 2-

---

[5]  Even if the Court were to find that petitioners had substantiated their deductions for unreimbursed employee expenses, the Court would nevertheless disallow the deductions because petitioners failed to show that their employers did not have a reimbursement policy.  See, e.g., Boltinghouse v. Commissioner, T.C. Memo. 2007-324.

percent floor.  Accordingly, respondent's determination is
sustained.

## IV.  Accuracy-Related Penalty

Initially, the Commissioner has the burden of production
with respect to any penalty, addition to tax, or additional
amount.  Sec. 7491(c).  The Commissioner satisfies this burden of
production by coming "forward with sufficient evidence indicating
that it is appropriate to impose the relevant penalty."  Higbee
v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner
satisfies this burden of production, the taxpayer must persuade
the Court that the Commissioner's determination is in error by
supplying sufficient evidence of reasonable cause, substantial
authority, or a similar provision.  Id.

In pertinent part, section 6662 imposes an accuracy-related
penalty equal to 20 percent of the underpayment that is
attributable to negligence or disregard of rules or regulations
or a substantial understatement of income tax.[6]  Sec. 6662(a) and
(b)(1) and (2).  "Negligence" is defined to include "any failure
to make a reasonable attempt to comply with the provisions of
this title", and "disregard" is defined to include "any careless,
reckless, or intentional disregard."  See sec. 6662(c).
Negligence also includes any failure by the taxpayer to keep

---

[6]  Because the Court finds for respondent on the negligence
ground, the Court need not discuss the substantial understatement
of income tax ground.

adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs.

In interpreting section 6662, the Court has defined the term "negligence" as a "'lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. 43 T.C. 168 (1964) and T.C. Memo. 1964-299, and citing Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982)), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

Section 6664(c)(1) provides an exception to the section 6662(a) penalty: no penalty is imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause therefor and the taxpayer acted in good faith. Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in view of the taxpayer's experience, knowledge, and education. Id.

The Court finds that respondent has met his burden of production and that petitioners were negligent. Petitioners did not properly substantiate their deductions as required by the IRC and the regulations. Petitioners did not establish a defense for their noncompliance with the IRC's requirements. Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>An order of dismissal will be entered as to petitioner Amy K. Moore, and decision will be entered for respondent</u>.